### SULLIVAN v. ELLISON.

1. A landlord's lien for rent is not defeated by his taking a writing under seal, whereby the tenant promises to pay the amount agreed upon "for the rent of the place."
2. A landlord having given notice to a constable of his claim for the tenant's past-due rent of the current year, after the constable had levied executions upon the tenant's personal property, on the leased premises, and before removal, the landlord was entitled to judgment against the constable for the proceeds of the sale (they being less than the amount due for rent), the constable having sold the property and refused to pay such rent. *Gen. Stat.*, § 1824.
3. This being "an action for damages for injury to rights pertaining to personal property," it was within the jurisdiction of a trial justice. *Code*, § 71, ¶ 2.

---

Before WITHERSPOON, J., Greenville, July, 1883.

The opinion fully states the case.

*Messrs. Perry & Perry,* for appellant.

Defendant is estopped from denying plaintiff's right to recover.. 13 *S. C.* 370 ; 6 *Wait Ac. & Def.* 681, 685. Plaintiff's lien followed the proceeds of the property sold. 3 *McCord* 484. The case of *Kennedy* v. *Reames,* 15 *S. C.* 552, does not apply to a case like this, where there was a different lien, enforceable in a different way, viz., by distress. But, under section 1824 of the general statutes, defendant had no right to levy or sell without. paying one year's rent. 3 *McCord* 38, 378 ; 12 *Rich.* 349 ; 1 *Treadw. Con. R.* 120.

*Messrs. Wait & Westmoreland,* contra.

The facts here do not constitute an estoppel. *Big. Estop.* 431, 437, 438 ; 17 *S. C.* 7. If defendant promised to pay plaintiff, such promise would be void because not in writing. Acceptance of a note for rent after the year was half gone, was a waiver of the statutory lien. In 18 *S. C.* 179, the contract for rent was verbal. But if not waived, the lien did not follow the proceeds of sale. 15 *S. C.* 552 ; 14 *Id.* 35 ; 1 *Bailey* 237. Defendant. is sued in his official capacity, and there is no evidence of any violation of official duty. The proper remedy would have been a rule issued by the Circuit Court. This case does not come under any of the subdivisions of section 71 of the code, and therefore the trial justice was without jurisdiction.

March 8th, 1884. The opinion of the court was delivered by

Mr. Justice McGowan. Irvine Davenport leased land from Hewlet Sullivan for the year 1882, for which he gave an obligation, of which the following is a copy :

" $80. On or by the 1st day of November next, I promise to pay H. Sullivan, or order, eighty dollars, the same being for the rent of the place I now live on ; and I further promise and agree to take good care of the premises and houses, &c., and return the same to said Sullivan at the end of this year. This. 21st August, 1882.

" Witness my hand and seal.

    (Signed,)          " IRVINE DAVENPORT. [L. s.]

" Test—Charles D. Smith."

Part of the rent was paid, leaving due $23. Some time in the fall of the year, Davenport, the tenant, absconded, and it seems that David Ellison, a constable, levied sundry executions in his hands upon the property left on the place, viz., corn, shucks, cotton-seed, bee-gums, farming tools, a cow, &c. After the levy, but before the property was removed from the place or sold, Hewlet Sullivan, the landlord—taking with him a trial justice, F. M. Davenport, Esq.—went on the place, as the trial justice states, "for the purpose of issuing an attachment or rent warrant, or something of the kind, to take charge of the property," in order to secure the balance on the obligation for rent. Sullivan sent for Ellison, and gave him notice of his claim for rent, and he replied, "That is all right; let it stand; and when the property is sold, your claim will be first paid, as it is for rent." Upon this assurance, Sullivan forebore to seize the property under any process.

Afterwards, the property was sold by the constable, but he refused to pay the balance of his rent to the plaintiff, who then brought this action against him before trial justice J. M. Cureton; and he gave judgment in favor of the plaintiff for $23. The defendant appealed to the Court of Common Pleas, and Judge Witherspoon reversed the judgment. From his judgment, the plaintiff appeals to this court, upon the following grounds : " 1. Because the defendant, having induced the plaintiff to forbear enforcing his landlord's lien by the promises made to him, is estopped from denying his liability in this action.   2. Because the plaintiff had a lien upon the specified property levied upon by the defendant, which followed the proceeds of the sale of said property into the hands of the defendant, and made him liable in this action.   3. Because the defendant, as constable, had no right to take the corn by virtue of any execution, unless the party at whose suit said execution was sued out had paid to the plaintiff in this action the rent then due him as landlord, and was therefore liable to the plaintiff in this action."

It does not appear precisely when the levy was made, but as there was no allegation that the rent was not due, we suppose it was after November 1st, 1882. There is nothing in the objection that the plaintiff, Sullivan, is not entitled to the rights of a land-

lord, for the reason that he had taken a sealed note for the rent. Rent is usually, as we think, secured by writing, and what is here called a sealed note, is substantially a lease of a certain tract of land, and at the same time securing the rent therefor. See *Fife* v. *Irving*, 1 *Rich.* 226 ; *Fiske* v. *Judge & Dennis*, 2 *Spears* 436 ; *Bailey* v. *Wright*, 3 *McCord* 484.

The plaintiff, as landlord, clearly had an agricultural lien on one-third of the crop made on the premises leased, (16 *Stat.* 411 ; *Carter* v. *DaPre*, 18 *S. C.* 182,) but such a lien can only be enforced according to the machinery provided by the statute itself, viz., through a warrant issued by a clerk of the court against the crop itself in specie, and not against the proceeds of the crop. *Kennedy* v. *Reames*, 15 *S. C.* 550. It appears that the plaintiff, misled by the assurances of the defendant that the rent claimed should be first paid, pretermitted his right to have the crop itself seized before it was sold ; and it is now insisted that he cannot enforce that lien against the money, the proceeds of sale. This may be so, and in this, the defendant certainly misled the plaintiff to his injury. But from the view which the court takes, it will not be necessary to consider the question whether the constable is personally liable and estopped from making a defense. He is a mere stakeholder and possibly was required by the creditors, in whose behalf he levied the property, to make the defense for their benefit. If recovery is had, it must be paid out of the money officially in the hands of the constable, and, therefore, we will regard the defense as actually made by the judgment-creditors.

Assuming, then, that he was deceived into an inactivity which practically lost him the benefit of his agricultural lien, we think that the plaintiff, as landlord, had another right entirely distinct from his agricultural lien on a part of the crops made on the leased premises. A landlord had the right to distrain for rent in arrear under our law, as it existed down to 1868, when distress for non-payment of rent was abolished. 14 *Stat.* 106. In 1878 the law was restored as it formerly existed, with the single exception that no property could be taken except such as belonged to the tenant in his own right. 16 *Stat.* 511 ; *Mobley* v. *Dent*,

10 *S. C.* 472. At any time after November 1st, the landlord had the right to distrain any property of the tenant on the place, whether it was, or was not, a part of the crop made there. But. when he reached the premises he found that the property had. been levied under executions in the hands of Ellison, the con-- stable; it was then *in custodia legis,* and his duty was, not to· proceed to seize the property, thereby creating a conflict of authority, but to give notice of his claim, which he did, under section 1824 of the general statutes, which provides as follows: " No goods or chattels whatsoever, lying or being in or upon any messuage, lands or tenements which are or shall be leased * * * shall be liable to be taken by virtue of any execution or any pretense whatsoever, unless the party at whose suit the said execution is sued out shall, before the removal of such goods from off the said premises, by virtue of such execution or extent, pay to the landlord of the said premises, or his bailiff, all such sum or sums of money as are or shall be due for rent for the said premises at the time of the taking of such goods or chattels by virtue of such execution; provided the said arrears of rent do not amount to more than one year's rent," &c.

The plaintiff having given notice of his claim for rent, the duty of Ellison, the constable, was, in accordance with his declarations and promises made before the property was sold, to retain out of the proceeds of sale so much as was necessary to pay to the plaintiff first the balance due him for rent of that year. *Hamilton* v. *Reedy,* 3 *McCord* 39. See the *Matter of F. W. Connor, Landlord,* 12 *Rich.* 350. The constable violated his duty, damaging the plaintiff to the extent of the balance of rent, $23, and Trial Justice Cureton was right in giving judgment against him for that amount.

It is insisted that the trial justice had no jurisdiction in the matter. It was " an action for damages for injury to rights pertaining to personal property." See *Paragraph 2, Section 71 of the Code.*

It is said the plaintiff should have applied to the Circuit Court for a rule on the respondent. Perhaps he might have done so, but he had no status in that court, and we do not see why he

could not sue the constable for an injury done him, as was done in the similar case of *Margart* v. *Swift*, 3 *McCord* 379.

The judgment of this court is that the judgment of the Circuit Court be set aside and that of the trial justice affirmed.